UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                            Case No. 05-cr-50066
                                                      Honorable Thomas L. Ludington

v.

REGINALD WALTER FIELDS,

    Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

On September 30, 2005, an indictment was returned against Defendant Reginald Walter Fields charging him with distributing 50 grams or more of cocaine base in the form of crack cocaine. ECF No. 3. The parties entered into a Rule 11 Plea Agreement which provided that Defendant would plead guilty to count one of the indictment. Because Defendant had at least two prior qualifying convictions for controlled substance offenses, he was classified as a career offender under U.S.S.G. § 4B1.1, and his offense level was 37. With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 34 with a criminal history category VI, resulting in a guideline range of 262 to 327 months. At the sentencing hearing on November 30, 2006, the Court adopted the guideline range in the presentence report and imposed a custodial sentence of 210 months to be followed by 10 years of supervised release.

On January 7, 2019, Defendant filed a motion for a sentence reduction pursuant to the First Step Act of 2018. ECF No. 21. The parties filed a stipulation to reduce Defendant's sentence on June 18, 2019. ECF No. 32.

**I.**

Pursuant to Section 404(b) of the First Step Act, "a court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." P.L. 115-391, Section 404(b). In order to be eligible, the petitioner must have been sentenced prior to August 3, 2010 (the date of the enactment of the Fair Sentencing Act) for a "covered offense" as defined in the First Step Act.

As this Court explained in *Brown* (Case No. 07-cr-20195), the Act does not require a plenary resentencing proceeding. *See* P.L. 115-391, Sec. 404(c). ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Rather, courts have discretion to modify a sentence for eligible Defendants in response to a motion or on the court's own initiative. *See* P.L. 115-391, Section 404(b). Although the Act does not require a plenary resentencing proceeding, courts nevertheless consider the Section 3553(a) factors to determine whether a sentence modification is warranted. *See e.g. United States v. Boulding*, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019); *United States v. Delaney*, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019). Consideration of these factors is also consistent with United States Sentencing Commission's guidance.[1]

**II.**

Defendant has three prior criminal convictions beginning at age 18 including two for delivery/manufacturing of less than 50 grams of cocaine in 1990 and 1996, and one for providing a false report to police (also in 1996). Defendant is now 47 years old with five children ages 13,

---

[1] *See* First Step Act, United States Sentencing Commission, Office of Education and Sentencing Practice, 8 (Feb. 2019), https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP- Act.pdf.

12, 12, 10, and 7. He was $75,500.37 in arrears on child support as of his date of sentence. He has no reported substance abuse problems and no history of mental or emotional problems. His highest level of education was 9th grade. He has a sporadic employment history. He had $82,071.37 in unsecured debts as of his date of sentencing.

Defendant was sentenced on November 30, 2006 for distribution of more than 50 grams of cocaine base. Therefore, he is eligible for a reduction under the First Step Act. Because of his status as a career offender under U.S.S.G. § 4B1.1, Defendant's offense level and corresponding guideline range remains unchanged after the First Step Act. His offense level of 34 (base offense level of 37 with a 3-level reduction for acceptance of responsibility) results in a guideline range of 262 to 327 months. Pursuant to Section 841(b)(1)(B) of the Fair Sentencing Act (now retroactively applicable via the First Step Act of 2018), the statutory minimum penalty for career offenders such as Defendant who are convicted of distribution of less than 280 but more than 28 grams of cocaine base has been reduced from 20 years to 10 years.

The parties stipulate that Defendant's guideline range of 262 to 327 months has not changed, although his statutory mandatory minimum has been reduced from 20 years to 10 years, and his statutory minimum term of supervised release has been reduced from 10 years to 8 years pursuant to 841(b)(1)(B). The parties stipulate that Defendant should receive a reduction but have not specified an amount.

In addition to the amended statutory minimum, Defendant's post-sentencing conduct is a relevant consideration when reevaluating his sentence. *See Pepper v. U.S.* 562 U.S. 476 (2011) (holding that post-conviction behavior could be considered in the context of the Section 3553(a) factors during a resentencing following an appeal). Here, Defendant has produced evidence that he has been productive during his roughly 12 years of incarceration. He obtained a GED and has

taken various practical courses throughout his incarceration. His discipline report reflects two instances of being unsanitary or untidy (2011 and 2017), two instances of possessing a hazardous tool (2016), and one instance of "destroy/dispose item search" (2016). He is currently employed as an orderly.

In light of the foregoing, the Court concludes that a reduction is warranted. Defendants term of imprisonment will be reduced from 210 months to 189 months, and his term of supervised release will be reduced from 10 years to 8 years.

### III.

Accordingly, it is **ORDERED** that Defendant's motion for a reduced sentence, ECF No. 21, is **GRANTED IN PART**.

It is further **ORDERED** that Defendant's sentence is reduced from 210 months to 189 months.

It is further **ORDERED** that Defendant's term of supervised release is reduced from 10 years to 8 years.

The Court will enter a form order entitled "Order Regarding Motion for Sentence Reduction Under the First Step Act of 2018" consistent with this order.

Dated: August 30, 2019             s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Reginald Walter Fields** #39504-039, LORETTO FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, LORETTO, PA 15940 by first class U.S. mail on August 30, 2019.

           s/Kelly Winslow
           KELLY WINSLOW, Case Manager